PENINSULAR NET & TWINE CO. *v.* UNITED STATES

**No. 4930.**—Invoices dated Apeldoorn, Holland, April 4, 1939, etc.
          Certified April 13, 1939, etc.
          Entered at Tampa, Fla., May 8, 1939, etc.
          Entry Nos. 776, etc.

(Decided June 12, 1940)

*Henry Cohen* for the plaintiff.
*Webster J. Oliver,* Assistant Attorney General (*Samuel D. Spector,* special attorney), for the defendant.

KINCHELOE, Judge: These appeals to reappraisement, all of which were consolidated for the purposes of trial by consent of the parties, involve the determination of the proper dutiable value of certain linen fish nets which were imported from Holland and entered at the port of Tampa, Fla.

It is not disputed that the proper basis for appraisement for said merchandise is foreign value, but it is contended by plaintiff that a cash discount of 2½ per centum should not be included in the determination of such dutiable value.

In his brief counsel for defendant presents much argument concerning the lack of proof offered by plaintiff with respect to sales of

such or similar merchandise in the foreign market for home consumption and, also, as to the absence of evidence showing the usual wholesale quantity in which such or similar merchandise is offered for sale and sold in Holland. In view of the concession made by said counsel at the trial limiting the issue herein, I deem such argument wholly improper at this time. I quote from the stenographic minutes (R. 2, 3):

Mr. SPECTOR. The merchandise consists of linen fish nets imported from Holland. It was entered at the invoice price, less certain charges, less 2½ per cent cash discount. It was appraised at the invoice value, plus the 2½ per cent cash discount. That is, without the deduction for the 2½ per cent cash discount.

Judge KINCHELOE. So that the discount is the sole issue?

Mr. SPECTOR. The discount is the sole issue.

Judge KINCHELOE. It was appraised on the basis of foreign value?

Mr. SPECTOR. It was appraised on the basis of foreign value. The importer alleges that this was purchased goods. The invoices attached to the entry papers do not show this to be a purchase invoice, but merely a consignment entry. The question therefore is whether or not this foreign value is the entered value, which is less the 2½ per cent cash discount.

Judge KINCHELOE. Do you agree with that statement?

Mr. COHEN. Yes, sir.

Judge KINCHELOE. The only issue is whether or not the 2½ per cent discount should be allowed your client?

Mr. COHEN. Yes, sir.

Having obtained the stated admissions from counsel for defendant, plaintiff's counsel certainly proceeded in a proper manner when he limited his line of proof toward showing that the 2½ per centum cash discount is a deductible item in fixing the proper dutiable foreign value of the instant merchandise, and did not seek to establish all of the elements included in the definition of "Foreign Value" as set forth in section 402 (c) of the Tariff Act of 1930.

In the light of the agreement entered into by counsel for the respective parties, as hereinabove set forth, my consideration of this case is limited solely to a determination whether or not the said cash discount is properly deductible from the invoice value in finding the dutiable foreign value of the merchandise in question.

At the trial counsel for plaintiff called as a witness one of the members of the firm that imported the linen fish nets in question. Said witness testified that he was in Holland, the country of exportation of the instant merchandise, for a period of 8 days, during which time he saw such merchandise bought and sold in said foreign market for home consumption; and that a 2½ per centum cash discount was freely offered to all purchasers of such merchandise. Said witness further testified that the merchandise in question was not obtained on consignment; and that it was purchased on the basis of price lists which were produced and admitted in evidence as Exhibits 1–A, 1–B,

1-C.   The witness translated the German notations appearing on said price lists as follows:

Delivery c. i. f. Tampa, Florida, duty for your account.

  *    *    *    *    *    *    *

On every delivery, payment against documents, less 2½ per cent cash discount, as from our letter of July 27, 1938.

The witness further testified that the terms set forth in said price lists were the result of negotiations completed during his stay in Holland, prior to his arrival in this country.

The motion of counsel for defendant to exclude from the record the price lists, said Exhibits 1–A, 1–B, and 1–C, is denied.   Also the objections of said counsel to certain portions of the witness' testimony, upon which rulings were reserved at the time of trial, are overruled.   Exceptions to said rulings are allowed said counsel.

Although the record before me is not very complete or satisfactory, the proof adduced by plaintiff is uncontradicted, and, in my opinion, there is substantial evidence to warrant the conclusion that plaintiff has made out a *prima facie* case.

The motion of counsel for defendant to dismiss the appeals to reappraisement under consideration is accordingly denied, and an exception to said ruling is allowed said counsel.

On the basis of the record before me I hold that the item of 2½ per centum cash discount is properly deductible from the invoice value of the linen fish nets in question in fixing the proper dutiable foreign value of said merchandise.   Judgment will be entered accordingly.