(A. R. D. 86)

STOEGER ARMS CORP. *v.* UNITED STATES

Entry No. 734330.

Third Division, Appellate Term

(Decided June 2, 1958)

*Sharretts, Paley & Carter (Joseph F. Donohue* of counsel) for the plaintiff.
*George Cochran Doub,* Assistant Attorney General (*Daniel I. Auster,* trial attorney), for the defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges

DONLON, Judge: Appellant (plaintiff below) has petitioned for review of the decision of the trial judge in reappraisement.

Certain sporting rifles, imported from Germany in 1950, were appraised on the basis of United States value under the provisions of section 402 (e) of the Tariff Act of 1930, as amended. There is no dispute between the parties that the appropriate basis of appraisement of these rifles is United States value. The trial judge so held, finding there was neither foreign nor export value.

The parties differ only as to what the amount of the United States value is. The nub of the dispute before us is whether internal tax of 11 per centum, which is imposed under section 4181 of the Internal Revenue Code (26 U. S. C. A. § 4181) upon sale of these rifles by the importer, is or is not part of United States value computed under section 402 (e).

On trial, no evidence was introduced. The facts on which United States value was computed by the appraiser were stipulated, as were also the facts basic to the appraisement for which appellant contends. There is no other evidence before us as to the price at which such or similar rifles were sold or offered for sale in the United States. On the record before him, the trial judge found, as fact, that "the appraiser deducted from the *selling price in the United States of $135.44, which includes the 11 per centum internal revenue tax,*" certain items, not including as a deduction such internal revenue tax. [Italics supplied.] It would appear, therefore, that the trial judge was satisfied that the record before him (and before us) sufficiently shows that the price at which these rifles were freely offered for sale for domestic consumption in the United States was $135.44, including the internal tax.

It is this finding which appellant controverts in the first of the two contentions it argues in this review. On the record before us, appellant contends that the price at which these rifles were freely offered for sale for domestic consumption in the United States was $122, excluding tax, and that it was not $135.44, including tax.

Appellant's second contention is that, even if we should affirm the trial judge's finding that $135.44, including tax, is the freely offered United States price, nevertheless,'we ought to reverse his conclusion of law as to the amount of United States value by permitting appellant to deduct, from such price, the per rifle internal tax. This tax is stipulated to be $13.44. This second argument on appellant's part is based on a contention that the internal tax imposed under section 4181 is a duty on sales by importers for purposes of section 402 (e), and, hence, section 402 (e) requires that allowance be made for this internal tax in computing United States value of these rifles.

It is our opinion that appellant cannot prevail on either ground.

As to the first contention, appellant has not shown by any competent evidence that rifles, such as or similar to these rifles, were freely offered for sale in the United States, within the scope of section 402 (e), for less than $135.44. That is the price on which appraisement is computed. Indeed, it seems reasonably clear that both parties accept it as a fact that purchasers paid $135.44 per rifle, and that such purchase money included a price (for purposes of internal tax) of $122, plus internal tax of $13.44, computed at the rate of 11 per centum of $122. That is about as far as the record goes, in respect of what were the freely offered prices of these rifles.

Lacking evidence as to sales or offers to sell such or similar rifles, appellant's argument appears to be that, because internal tax is not a part of price for purposes of the internal tax under section 4181, it follows that it cannot be a part of price for purposes of appraisement under section 402 (e). In our view, this conclusion does not follow from that premise.

Appellant argues that, on the facts of record before us and for purposes of internal tax under section 4181, the price for which the rifles in question were sold is $122, and contends that this same price must, therefore, also be the price at which they were freely offered for sale in the United States within the meaning of section 402 (e). In support of this argument, appellant chiefly relies on cases that had to do with export value or with foreign value, and with the relation of foreign taxes to such values. We do not regard these cases as necessarily conclusive of the issue before us in this case. Here, we are concerned with United States value and with the relation of such value to the domestic excise tax imposed on the sale of certain imported merchandise by the importer.

There is a case which we deem to be more precisely in point. *Charles Happel (Burleigh Brooks)* v. *United States*, 69 Treas. Dec. 1404, Reap. Dec. 3809. The issue there arose under section 402 (e), the same appraisement provision which is before us here. The question was whether the price at which foreign cameras were freely offered for sale, for purposes of section 402 (e), did or did not include the internal tax of 10 per centum, which the importer was required to pay on sale of the imported cameras. In a comprehensive and well-considered opinion written by Judge Cline, this division of the court held that the material issue was the "price" which purchasers paid for the merchandise in order to obtain the cameras. Answering an argument almost identical with appellant's argument here, the court, in the *Happel* case, said (pp. 1407–8):

Appellants further contend that because section 619 of the Revenue Act of 1932 provides that in determining the price for which an article is sold the amount of the 10 per centum sales tax shall be excluded, the Congress has expressed an intent that the said sales tax shall be no part of the basic domestic sales price under section 402 (e) of the Tariff Act of 1930, an entirely different and unrelated statute. We do not agree with this interpretation of section 619 of the revenue act, for the reason that the said section expressly limits its provisions to a determination of the sales price "for the purposes of this title"; in other words, for the purpose of ascertaining the amount of the said sales tax. We cannot enlarge the scope of section 619 beyond its specific provisions by interpreting it to provide for a method of determining sales price under some other statute, when Congress has expressly enacted that the method of determining sales price therein provided shall be only "for the purposes of this title."

The definition of the term "price," for purposes of internal tax under section 4181, is found in section 4216. (Section 4181 of the Internal Revenue Code is found in chapter 32, which is entitled "Manufacturers Excise Taxes." Section 4216, in the same chapter, is entitled "Definition of price.") Section 4216 provides, in paragraph (a) thereof, as follows:

In determining, *for the purposes of this chapter*, the price for which an article is sold, * * * there shall be excluded the amount of tax imposed by this chapter, whether or not stated as a separate charge. [Emphasis supplied.]

It appears, then, that *but for this special statutory provision* the price of these rifles, even under section 4181, might be the price for which they were sold without exclusion of the amount of internal tax. Congress, however, clearly expressed its intention, in the language above quoted from section 4216, that, *for purposes of the tax imposed by chapter 32* of the Code, the tax itself is to be excluded from price.

Appellant conceded, in oral argument before this division, that the internal tax on these rifles was passed on by the importer to the buyers of the rifles. In response to questioning by Judge Richardson, counsel for appellant stated "the amount of money which the ultimate

purchaser paid to get the goods was $135" [sic], not $122. The basis of appellant's contention was thus stated: "* * * I rest on the proposition that the tax was imposed on $122, and whatever may have been the amount of money paid by the ultimate purchaser for the gun, it is our position that the price has been established by the Internal Revenue Department to be $122. That is the price." (R. 38–39.)

It is, of course, the price under section 402 (e) of the tariff act which we are called upon to construe, not the price as it was specially computed by express congressional direction for purposes of section 4181 of the Internal Revenue Code. There was, at the time of this importation and prior to the effective date of the amendment to section 402 (e), pursuant to the Customs Simplification Act of 1956, no comparable provision for exclusion of internal tax from price as computed under section 402 (e).

We hold that the price at which these rifles were freely offered in the United States, within the meaning of section 402 (e), was the price which purchasers paid in order to obtain the rifles, and that this price was $135.44, including internal tax.

Turning now to appellant's second contention, it remains for us to consider whether the internal tax on these rifles is a "duty" within the meaning of section 402 (e). The parties, both in their briefs and in oral argument before the court, have ably and earnestly argued the pros and cons of this issue.

It is conceded that section 4181 imposes what is expressly described as a tax. It is not described as a duty. It is clear, also, that section 402 (e) provides for allowance, from United States price, of *duty* on the imported merchandise.

Appellant argues that the "duty" for which allowance is to be made, in determining United States value under section 402 (e), includes the internal "tax" imposed on sale of imported goods by the importer, because, in reality, this tax is a duty, even though it is not a customs duty. Appellant avers that this question is one of novel impression in customs jurisdiction.

We do not find any case which has to do with this internal tax on rifles, imposed under section 4181, as to the relation of that tax to value for purposes of appraisement under section 402 (e). There are, however, several cases in which this court has construed the term "duty" in section 402 (e) in relation to other impositions, not regular duties, which were laid either on imported goods or on their sale. In our view, these precedents are relevant to our decision here.

We have discussed the *Happel* case, *supra*, in relation to appellant's first contention. It has bearing also on the second contention.

In the *Happel* case, it will be recalled that the excise was a tax of 10 per centum of the price for which imported cameras were sold by

the importer. After holding in that case (as we have held here) that this tax was part of the basic domestic sales price upon which statutory United States value under section 402 (e) was to be computed, the court took up the second issue which appellant argues here, "namely, whether the said 10 per centum sales tax was in fact a duty on imports, and as such deductible from the domestic sales price of prototype merchandise, since section 402 (e) of the Tariff Act of 1930 permits an allowance for *duty* in arriving at the statutory United States value of imported merchandise." *Charles Happel (Burleigh Brooks)* v. *United States, supra,* at page 1408. [Emphasis quoted.]

After distinguishing certain cases, notably *Brown* v. *Maryland,* 12 Wheat. 419, and *May* v. *New Orleans,* 178 U. S. 496, the court, in the *Happel* case (p. 1409), said:

Under the rule as laid down in those two cases, a tax on imported merchandise is in fact a duty on imports if it accrues while the goods are still in customs custody or thereafter while still remaining in the original packages in which they were imported.

In the *Happel* case, there was evidence that the imported cameras were sold to "retail suppliers" in quantities of 1 to 6 cameras, not in the wooden cases of 12, 20, or 50 cameras each, in which the cameras were imported. On that record, the court held the excise was an internal tax and not a duty and that it could not be deducted from the basic domestic sales price of prototype merchandise under the provision of section 402 (e) granting allowance for duty.

There is no evidence before us that warrants any attempt to invoke the original package doctrine of the *Brown* and *May* cases, *supra*.

The question of whether an internal revenue tax should be deducted in arriving at United States value was likewise before this court, and also before our appeals court, in *John H. Faunce, Phila., Inc.* v. *United States,* 69 Treas. Dec. 1584, Reap. Dec. 3880, affirmed on review in 71 Treas. Dec. 1276, Reap. Dec. 4028, and appeal, 25 C. C. P. A. (Customs) 131. The tax in the *Faunce* case was an internal tax of 2 cents per 1,000 matches, imposed under section 612 of the Revenue Act of 1932, upon matches "sold by the manufacturer, producer, or importer." Appellant argues that the *Faunce* case is not relevant here, because the status of the tax as a "duty" was not before our appeals court. The argument presented, and rejected by our appeals court in the *Faunce* case, was that the excise tax should be deducted under section 402 (e) as a "necessary expense from the place of shipment of imported merchandise to the place of its delivery." It does not follow, however, that our appeals court overlooked the "duty" exclusion, because the parties failed to argue it. Indeed, in the course of its opinion, our appeals court stated that the tax, imposed by section 612, accrued when the matches were sold by the importer, whereas customs duties accrue "at the time goods are

imported into the United States." There is, in the *Faunce* case, a broader rule than that which appellant seems to think, for the appeals court sustained the view taken by the trial judge and by a division of this court on appellate review. This is summed up in the following statement of our appeals court, at page 135:

We are of opinion that the trial court and the appellate division of the United States Customs Court correctly held that *there was no statutory authority* for deducting the amount of the excise tax in determining the United States value, as defined in section 402 (e), supra. [Emphasis supplied.]

A like contention to that here advanced by appellant, was before this court also in *International Forwarding Co., Inc.* v. *United States*, 4 Cust. Ct. 831, Reap. Dec. 4897, affirmed on review, 6 Cust. Ct. 881, Reap. Dec. 5197. In the *International* case, the collector had assessed a countervailing duty, at the rate of 25 per centum of the invoice value, under section 303 of the Tariff Act of 1930, pursuant to Treasury regulation. The importer sought to deduct this 25 per centum countervailing duty, as a duty, in computing appraised value under section 402 (e). Appellant argued that allowance for duty, as provided in section 402 (e), included allowance of countervailing duty as well as allowance of regular duty. The appellate court disposed of this argument, stating (pp. 885–6):

\* \* \* we are of the opinion that the only duty deductible from the United States selling price in order to determine the United States value upon imported merchandise is the duty accruing thereon upon importation and payable at the rates prescribed in the various schedules and paragraphs of the dutiable list of the Tariff Act of 1930, upon the basis of the entered or appraised value whichever is higher, and that such assessments have no application to duties based upon the invoice value.

These cases construe the same language of section 402 (e) now before us for construction. In the light of these precedents, general arguments addressed to the powers of Congress to tax, to lay duties, and to regulate commerce, are not persuasive. Here, we are not concerned with the powers of Congress. What we are concerned with, is the intention of Congress when it used certain words in section 402 (e).

We are not persuaded that Congress, when it used the word "duty" in section 402 (e), intended to include therein any imposts on imported goods other than the impost which the tariff act itself denominates as "duty." Section 1 of the Tariff Act of 1930 provides that "there shall be levied, collected, and paid upon all articles when imported from any foreign country into the United States \* \* \* the rates of *duty* which are prescribed by the schedules and paragraphs of the *dutiable* list of this title, \* \* \*." [Emphasis supplied.] It seems clear that Congress intended that "duty," for purposes of the tariff act and including section 402 (e) of that act, except where some other congres-

sional intent is specified, is the levy that is prescribed in the schedules and paragraphs of the dutiable list of title 19 of the United States Code. The internal tax under section 4181 of the Internal Revenue Code is not such a duty.

As earlier noted, these rifles were imported before section 402 (e) was amended by the Customs Simplification Act of 1956 (70 Stat. 943). It is not argued that the broader provision for allowance of Federal taxes in computing United States value, permitted by that amendment, should be applied in appraisement of these rifles. That Congress has seen fit to change the law does not give retroactive effect to the new provision.

Based upon this record, we find as facts:

1. That the merchandise of this appeal consists of sporting rifles exported from Germany in 1950.

2. That there was no statutory foreign or export value, as defined in section 402 of the Tariff Act of 1930, for such or similar merchandise on the date of exportation of these rifles.

3. That appraisement of this merchandise was on the basis of United States value, under section 402 (e) of the Tariff Act of 1930, as amended.

4. That such rifles were freely offered for sale to all purchasers in the United States, at the time of exportation of these rifles, at a price of $135.44 per rifle, including the internal tax of 11 per centum levied under section 4181 of the Internal Revenue Code.

5. That the United States value of these rifles was $89.72 per rifle, net packed, after allowance for duty, overhead, profit, freight, discount, and other necessary expenses, but without allowance for internal tax.

We conclude, as matters of law:

1. That United States value as defined in section 402 (e) is the proper basis for appraisement of these imported rifles.

2. That internal tax of 11 per centum, levied under section 4181 of the Internal Revenue Code, is included in the price, under section 402 (e), at which such rifles were freely offered for sale to all purchasers, in the United States, at the time of exportation of these rifles.

3. That such 11 per centum internal tax is not a duty and is not deductible as such from the freely offered price of $135.44 per rifle, for the purpose of computing United States value.

4. That the United States value of such rifles, computed pursuant to section 402 (e), is $89.72 each, net packed.

The judgment of the trial court is affirmed. Judgment will be entered accordingly.